QUESTION:
Do the statutory duties of the Department of Natural Resources limit the apparent discretion conferred upon the Governor by federal law to designate a single agency to receive and administer grants received for implementing a coastal zone management program?
SUMMARY:
Gubernatorial discretion, under 16 U.S.C. § 1455(c)(5), to designate a single agency to receive and administer grants to implement an appropriate Coastal Zone Management Program is not limited by the statutory duties of the Department of Natural Resources under s. 370.02(3)(g), F. S., because there is no express legislative grant of authority to the Department of Natural Resources to perform that duty and none should be implied.
The answer to your question is that your discretion to designate a single agency to receive and administer grants to implement an approved Coastal Zone Management Program is not limited by the statutory duties of the Department of Natural Resources expressed in s. 370.02(3)(g), F. S.
The `Florida Environmental Reorganization Act of 1975' (Ch. 75-22, Laws of Florida) was enacted:
 . . . to promote the effective, and economical operation of certain environmental agencies by centralizing authority over, and pinpointing responsibility for the management of, the environment . . . and by consolidating compatible administrative, planning, permitting, enforcement, and operational activities. [Section 403.802, F. S. (s. 2, Ch. 75-22, supra); emphasis supplied.]
Section 20.25(7), F. S. (s. 18, Ch. 75-22, supra), abolished the Coastal Coordinating Council, created by s. 370.0211, F. S., and reassinged its powers, duties, staff, and functions to the Division of Resource Management of the Department of Natural Resources.
Section 370.02(3)(g), F. S. (s. 13(3), Ch. 75-22, supra), provides in pertinent part:
 The Division of Resource Management shall . . . develop plans and carry out the programs of coastal zone management, utilizing interagency cooperation and agreements to insure the participation of other state and local agencies involved in coastal zone management. (Emphasis supplied.)
The language of s. 370.02(3)(g), supra, must be compared with that of s. 370.0211, supra, in determining legislative intent. The Coastal Coordinating Council was created within the Department of Natural Resources only as an advisory body. Section 370.0211(1) referenced s. 20.03(7), F. S., which defines `Council' as:
 . . . an advisory body appointed to function on a continuing basis for the study of the problems arising in a specified functional or program area of state government and the recommendation of solutions and policy alternatives.
The most substantial duty exercised by the council was to `. . . develop a comprehensive state plan for the protection, development, and zoning of the coastal zone, making maximum use of any federal funding for this purpose. . . .' Section 370.0211(4). Other duties of the council included coastal zone research, review, upon request, of pertinent coastal zone activities, and coordination of those activities among various governmental levels; services requested by interested agencies; and employment of personnel to carry out these duties. Section 370.0211(4)(a)-(g).
The broadly worded language of s. 370.02(3)(g), supra, and the effect of s. 20.25(7), supra, represent an expansion of the coastal planning and management duties of the Department of Natural Resources compared to its duties during the council's existence. Consistent with the legislative declaration of policy in Ch. 75-22, supra, to `. . . [pinpoint] responsibility for management of the environment . . .', the division was required to `. . . develop plans and carry out the programs of coastal zonemanagement . . . .' Section 370.02(3)(g). (Emphasis supplied.)
Pursuant to the authority of s. 19, Ch. 75-22, supra, the Bureau of Coastal Zone Management was established within the division and is presently developing Florida's Coastal Zone Management Program. Accordingly, it is evident that the Legislature pinpointed the Division of Resource Management, Department of Natural Resources, to carry out the program of coastal zone management, which necessarily include implementation of an approved Coastal Zone Management Program utilizing interagency agreements, cooperation, and participation as authorized by s. 370.02(3)(g), supra.
However, in my opinion, the legislative grant of authority and responsibility to the Department of Natural Resources to carry out the programs of coastal zone management was not intended nor should it be construed to exclude other agencies from undertaking substantial roles in coastal zone management.
Considering the language is s. 370.02(3)(g), supra, in light of a comparison between 15 C.F.R. § 923.22 and 923.23, it is evident that, although the Division of Resource Management, Department of Natural Resources, has been delegated authority to implement the coastal zone management programs, there is no express delegation in s. 370.02(3)(g) regarding the receipt and administration of grants to fund the implementation of the program. It is my opinion that, absent such express legislative authority, none should be implied.
15 C.F.R. § 923.22 requires `. . . an organized and unified program . . .' with a `. . . clear point of responsibility for the program, although program implementation may be undertaken byseveral state entities.' (Emphasis supplied.) This regulation further `. . . envisions the creation of a coastal zone management entity that has adequate legislative and/or executive authority to implement . . . the Act.' (Emphasis supplied.) 15 C.F.R. § 923.22
also provides that the Secretary of Commerce must find that you have certified that the coastal zone management entity has adequate authority to implement an approved program.15 C.F.R. § 923.22 provides in pertinent part:
 . . . [The] management program must contain a certification by the Governor of the State or his designated legal officer that the State has established its organizational structure to implement the management program.
15 C.F.R. § 923.23, `Designation of a single agency,' is closely related to, but distinguishable from, 15 C.F.R. § 923.22. The purpose of 15 C.F.R. § 923.23 is `. . . simply to identify a single agency which will be fiscally and programmatically responsible for. . . the grants . . . to implement the approval management program.' (Emphasis supplied.) Thus, these regulations distinguish a program-implementing entity from an agency receiving and administering grants to implement the program. The regulations expressly recognize such functions may be lodged in more than one agency, although they do not preclude one authority responsible for both functions.
Prepared by: Ross A. McVoy Assistant Attorney General